IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:10-CV-113-FL

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| KENNETH E. HANCOCK, SR. d/b/a ) | |
| KEF Tifway Grass System; DELLA F. ) | |
| HANCOCK; BUSSIE HOWARD ) | |
| ATKINSON; IVA L. ATKINSON; ) | |
| DAVID J. PIKUL, Trustee; HOWARD ) | |
| FRANKLIN WRIGHT; BENNIE E ) | |
| BENTON, SR.; and ALICE T. BENTON, ) | |
| ) | |
| Defendants. ) | |

This matter, wherein the government complains about a certain tax liability, came on for hearing November 30, 2011, at which time the court allowed the government's default judgment motions as to certain defendants and entered an order of sale as to defendant Kenneth Hancock, which directed that the federal tax liens at issue in this case be foreclosed. In preface to that hearing, the court required the government to address certain deficiencies in its written presentation. The government was directed to file:

1. Certificate(s) of assessments (IRS Form 4340) against Kenneth Hancock;

2. Complete copies of deeds on file with the Recorder of Deeds of Cumberland County, North Carolina, for the six (6) parcels of real property referenced in counts III through VIII of complaint; and

3. Complete copies of all federal tax liens relating to Kenneth Hancock filed with Clerk of the Superior Court, Cumberland County, North Carolina, as listed on page seven of complaint.

The government's attention was further directed to its proposed orders, attached as exhibits to its motions for default judgment. The court, in reviewing said orders, noticed several apparent errors. For instance, plaintiff's proposed order of sale, attached as exhibit six to plaintiff's motion for default judgment as to Kenneth Hancock, omitted full description of the property commonly known as 6.49 Acres of Feltman Land (see pages one through five). Furthermore, the government referenced an unknown individual, "Kenneth Heater," on page seven of its proposed order of sale. The court directed the government to review its proposed orders and submit corrected versions to the court at hearing, which it did through counsel.

At hearing, the government indicated through counsel agreements had been reached as between it and the Atkinson and Wright defendants. The court's file was to remain open through consummation and finalization of terms as to these defendants in light of certain issues then appearing which the court deemed necessary to be addressed further, impacting distribution of sale proceeds. Aspects of these agreements were not fully memorialized. Counsel for the government was ordered to provide documentation evidencing affirmation and consent it then suggested it had from the Wright and Atkinson defendants, with respect to anticipated progression of the case. Nothing has been received of or relating to these defendants, because it would seem, of issues now concerning Mrs. Hancock.

In granting the relief requested, the court also relied upon affidavit dated August 16, 2011, wherein the government's attorney attested to the fact Della F. Hancock was not then serving in the

military or incompetent. Unbeknownst to the attorney, Mrs. Hancock was deceased at the time counsel made her declarations in advance of the hearing.

In the suggestion of death filed as to defendant Della Hancock by the government January 12, 2012, informing that Mrs. Hancock died June 11, 2011, the government asserts her death raises issues now concerning finalization of this matter where there are junior lien holders un named in the complaint who now may have an interest that attaches to the real property at issue. As a result, the government now offers it may not foreclose its interest under the current judgment and order of sale and it seeks to vacate same, and offers what steps it may take if the requested relief is not granted. The motion at issue is captioned as an unopposed motion. It fails to illuminate however who was consulted so as to position the government to make that representation.

Notwithstanding these deficiencies, it is herein ORDERED that the portion of the judgment entered November 30, 2011 relating to the monetary judgment against defendant Kenneth Hancock for unpaid federal taxes for the years 1999, 2000, 2001 and 2003, and civil penalty for 2003, which amounts to $172,011.07 plus interest at the legal rate from November 30, 2011, remains intact. There appears no reason to set this part aside. As requested now by the government, the portion of the judgment entered on November 30, 2011 finding that the United States has valid and subsisting liens against the real property identified in paragraphs 29, 41, 50, 60, 69 and 81 of the United States' complaint (the "Real Property"), that the liens are foreclosed, and the Real Property be sold under 28 U.S.C. §§ 2001 and 2002, is VACATED. It is further ORDERED that the Order of Sale entered November 30, 2011, is VACATED, also as requested.[1]

---

[1] The government sets forth its next course of action on the face of the motion. While the government understandably does not at this juncture request the court to rule on the course outlined, it would seem with regard to efficiencies required to be promoted by Rule 1 of the Federal Rules of Civil Procedure appropriate for the court to make

The court DIRECTS the Clerk of Court to serve a copy of this order upon all parties through counsel, as appropriate, as well as the United States Attorney for the Eastern District of North Carolina, through the Chief of its Civil Division. Having allowed the motion at issue, which obviates any need for the continued monitoring of this file, the clerk of court is directed to close the case upon expiration of the appeal period, unless the government or other would seek to be heard further. In that regard, if the government would seek to move to amend the complaint, said motion, properly supported, must be filed within thirty (30) days from date of entry of this order.

SO ORDERED, this the 21st day of March, 2012.

LOUISE W. FLANAGAN
United States District Judge

---

comment in response. In this case now pending around two years, the government asserts that it intends to seek leave to amend the complaint and add the new parties. The court notes such motion is unlikely to be successful, without thoughtful briefing with reference to applicable rules and law. The essential reopening of this 2010 case would seem without more, to make more complicated the relatively straightforward issues to be presented. If leave is not granted, the government writes, then the United States will voluntarily move the court to dismiss Counts III-VIII of its complaint. The court responds here that under the circumstances presented, the government may presume it has this authority. The United States will then, the attorney writes, file a separate foreclosure action naming all of the necessary parties to the suit. This appears, without more, to be the appropriate course.

4